1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JACQUELYN ARCHAMBAULT,

10              Plaintiff,              No. CIV S-09-0856 LKK GGH PS

11        vs.

12   ADESA GOLDEN GATE,[1]              FINDINGS AND RECOMMENDATIONS

13              Defendant.

14   _____/

15            Previously pending on this court's law and motion calendar for May 14, 2009,

16   was defendant's amended motion to dismiss filed April 21, 2009.  Also pending is this court's

17   order to show cause to defendant, issued April 10, 2009.  Defendant filed a response and was

18   represented at hearing by Margaret Rosenthal who appeared telephonically.  Plaintiff did not file

19   an opposition and did not appear at the hearing.   For the reasons stated herein, the order to show

20   cause is dismissed, and it is recommended that defendant's motion to dismiss be granted in part

21   and this action be dismissed based on collateral estoppel.

22   BACKGROUND

23            Defendant removed this action from the San Joaquin County Superior Court on

24   March 27, 2009, premised on this court's subject matter jurisdiction over plaintiff's federal

25   _____

26        [1] Defendant states that it is correctly known as ADESA California, LLC, d/b/a ADESA
     Golden Gate; its parent corporation is ADESA, Inc.

                                          1

claims as contained in her amended complaint.  28 U.S.C. § 1441(a).  The amended complaint

contains two causes of action.  (Notice of Removal, dkt. #1 at 53-60.)  The first claim (entitled

"second cause of action") is for sexual harassment pursuant to Title VII of the Civil Rights Act of

1964.  Plaintiff alleges that a temporary employee of defendant's company made unwelcome

gestures and sexual advances in a verbal and physical manner toward her while she was trying to

conduct business as a customer.  She alleges that when she complained of the conduct, Security

treated her in a hostile manner.  (dkt. #1 at 54.)

The second claim (entitled "third cause of action") is for illegal search and seizure

and false imprisonment under the Fourth Amendment.  Plaintiff provides no information other

than that she had "a legitimate expectation of privacy at the searched location ... and in all

dealings with ADESA."  She claims that probable cause and a warrant were required.  (Id. at 58.)

In plaintiff's previous action, also removed to this court, plaintiff had made

similar allegations.  Archambault v. ADESA Golden Gate, Civ.S. 08-1616 LKK GGH PS.[2]  That

complaint had alleged that plaintiff drove a rental car to defendant's Tracy business location for

the purpose of obtaining or "redeeming" her own vehicle which had been previously repossessed.

After being directed to the "back of the building" to pick up her vehicle, and while walking past

the security desk, a "temporary employee" whistled in "cat call" fashion to plaintiff and her

friend, both of whom were offended and reported the action to security.

The complaint had also alleged that when it was time to pick up her own car,

plaintiff sought first to drive and park her rental car off the premises so that she could comply

with defendant's requirement that she drive her own car from the premises.  At this juncture,

some of defendant's employees "impeded" plaintiff's driving and "held" plaintiff and her friend

"behind the lines and under duress."  The employees insisted that they check the trunk of

plaintiff's rental car before it vacated the premises.  Based on these allegations and others,

---

[2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    plaintiff had alleged sexual harassment in violation of Title VII, illegal search and seizure, and

2    false imprisonment in violation of the Fourth and Fourteenth Amendments, as well as

3    supplemental state law claims.

4    ORDER TO SHOW CAUSE

5            The complaint attached to the removal notice was an exact duplicate of a

6    complaint filed by plaintiff in this court in the earlier action, Archambault v. ADESA Golden

7    Gate, Civ.S. 08-1616 LKK GGH PS, which had been dismissed for lack of subject matter

8    jurisdiction, and remanded to state court for consideration of the state law claims.  After the court

9    issued its order to show cause based on its perception that both cases contained an identical

10   complaint, defendant responded by explaining that on remand, defendant demurred on the

11   remaining claims.  The state court granted the demurrer with leave to amend.  Plaintiff did

12   amend, but stated only two claims, both of which were federal claims as asserted in her original

13   complaint.  Plaintiff did so in blatant disregard of the state court's order to submit an amended

14   complaint containing only state law claims.[3]  (dkt. #1 at 52.)  Defendant then removed the action

15   based on this amended complaint.

16           Based on this sequence of events, defendant has adequately explained the reason

17   for removing plaintiff's action once again to federal court.  Therefore, the order to show cause

18   will be discharged.

19   MOTION TO DISMISS

20           The instant amended complaint should be dismissed based on collateral estoppel,

21   as plaintiff has raised the same claims which were already decided in the previous action.  Under

22   the doctrine of res judicata, "'[a] final judgment on the merits bars a subsequent action between

23   the same parties or their privies over the same cause of action.'"  The Fund for Animals, Inc. v.

24

25           [3]  The state court sustained the demurrer on the second and third causes of action of the
     original complaint which are the same causes of action set forth in the instant amended
26   complaint.  (dkt. #1 at 52, 45-50.)

1   Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v. Summa Corp., 751 F.2d

2   1507, 1518 (9th Cir. 1985).  The doctrine of res judicata consists of two concepts, issue

3   preclusion, or collateral estoppel, and claim preclusion, or res judicata.  Migra v. Warren City

4   School District Board of Education, 465 U.S. 75, 77 n.1 (1984).  "Issue preclusion [collateral

5   estoppel] refers to the effect of a judgment in foreclosing relitigation of a matter that has been

6   litigated and decided."  Id.  "Claim preclusion [res judicata] refers to the effect of a judgment in

7   foreclosing litigation of a matter that never has been litigated, because of a determination that it

8   should have been advanced in an earlier suit."  Id.  "Claim preclusion [res judicata] bars the

9   assertion of any theory of recovery that could have been asserted in the first action."  Fund for

10  Animals, at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988).

11          The first claim in plaintiff's amended complaint ("entitled second cause of

12  action") is almost identical to the second cause of action in the complaint filed in the previous

13  action.  Both claims allege sexual harassment under Title VII based on the same incident.  The

14  second claim in the amended complaint ("entitled third cause of action") makes the same

15  allegations as the third cause of action in the previous complaint, that defendant violated the

16  Fourth Amendment by its illegal search and seizure and false imprisonment.  This cause of

17  action, although  much abbreviated and containing no facts, is based on the same event as the

18  previous action.

19          The claims currently before the court were already litigated and decided in

20  defendant's favor in the previous action.  Although the previous action resulted in a dismissal of

21  the federal claims based on lack of federal subject matter jurisdiction and therefore was not a

22  judgment on the merits, the issue of subject matter jurisdiction was necessarily determined and

23  was the same issue as that decided here.  Plaintiff has not opposed defendant's motion, did not

24  appear at the hearing, and therefore cannot show that the present action is not subject to collateral

25  estoppel.  Accordingly, collateral estoppel bars this action from proceeding.

26  \\\\\

CONCLUSION

        For the reasons stated herein, IT IS RECOMMENDED that:

        1.  Defendant's amended motion to dismiss, filed April 21, 2009, be granted in part; and

        2.  This action be dismissed with prejudice.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/12/09

                                      /s/ Gregory G. Hollows

                                  _____
                                  GREGORY G. HOLLOWS
                                  U. S. MAGISTRATE JUDGE

GGH:076/Archambault0856.f&r